995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald R. REHDER, Defendant-Appellant.
 No. 92-30345.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald R. Rehder appeals his sentence under the Sentencing Guidelines imposed upon his jury conviction of theft of government property, in violation of 18 U.S.C. § 641. He argues that the district court improperly determined his base offense level under Sentencing Guideline 2B1.1(b)(1), based on a loss exceeding $5,000 but less than $10,000, because it erred in calculating the amount of the loss to the government based on the market value of the trees taken.
 
 
 3
 Rehder's claim is meritless. The guidelines instruct the court to look to the amount of loss, which is defined as the value of the property taken. U.S.S.G. § 2B1.1 comment. (n. 2) (1992). The guidelines further instruct that "ordinarily, ... the loss is the fair market value of the particular property at issue." Id. The market value of the loss was calculated on the basis of the quantity of lumber Rehder stole and the average price at which the Forest Service sold similar lumber (commercial quality Douglas fir saw logs) in three nearby timber sales from the same forest.
 
 
 4
 Rehder makes no claim that the amount of loss calculated was not fair market value; he argues that some other measure should be used. The court is directed to use means other than market value to measure loss where market value is difficult to ascertain, or where it is inadequate to measure harm to the victim--here, the Forest Service. Neither applies here. We reject Rehder's contention that the market value of the lumber taken is "inadequate" to measure harm because it exceeds the value of the use the victim might have made of the trees, had Rehder not stolen them. Absent manifest injustice to the offender, this scarcely seems a basis on which to vary the ordinary practice. Although Rehder received some $16,000 for the trees he stole, the loss to the government was measured at only $9,000; he cannot complain of manifest injustice.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3